UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
HILLCOUR, INC. et al.,                                             :
                                                                   :
                                        Plaintiffs,                :          26-CV-1468 (JMF)
                                                                   :
            -v-                                                    :
                                                                   :          MEMORANDUM OPINION
                                                                   :             AND ORDER
APPLE ADVANCE LLC et al.,                                          :
                                                                   :
                                        Defendants.                :
                                                                   :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Plaintiffs Hillcour, Inc., Vincent's Drug

Store and Soda Fountain, Inc., and Damien Lamendola bring claims against five lenders for

violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act and breach of

contract.  *See* ECF No. 1.  One Defendant, Timeless Funding LLC ("Timeless Funding"), now

moves to compel arbitration pursuant to its agreement with Plaintiffs, which provides that

> ANY ACTION OR DISPUTE, WHETHER SOUNDING IN CONTRACT,
> TORT, LAW, EQUITY, OR OTHERWISE, RELATING TO THIS
> AGREEMENT OR INVOLVING FUNDER ON ONE SIDE AND ANY
> MERCHANT ON THE OTHER, INCLUDING, BUT NOT LIMITED TO
> ISSUES OF ARBITRABILITY, . . . WILL, AT THE OPTION OF ANY PARTY
> TO SUCH ACTION OR DISPUTE, BE DETERMINED BY ARBITRATION IN
> THE STATE OF NEW YORK.

ECF No. 14-2, ¶ 42.  In opposing the motion, Plaintiffs do not dispute that they agreed to

arbitrate or that their claims fall within the scope of the broad arbitration provision.  *See* ECF No.

23.  Instead, citing another provision of the parties' agreement, which states that "IN ANY

LITIGATION OR ARBITRATION COMMENCED BY FUNDER, NO MERCHANT WILL

BE PERMITTED TO INTERPOSE ANY COUNTERCLAIM," Plaintiffs' sole argument is that the parties' agreement to arbitrate is unconscionable.  *See* ECF No. 23, at 4-5.

Plaintiffs' argument is without merit.  As a general matter, "arbitration agreements relating to RICO claims are indisputably enforceable."  *EAD Grp. LLC v. Toros*, No. 25-CV-8083 (DEH), 2026 WL 556278, at *2 (S.D.N.Y. Feb. 27, 2026) (cleaned up); *see also, e.g.*, *Bass v. Pershing*, No. 25-CV-02478 (VEC), 2025 WL 3281561, at *6 (S.D.N.Y. Nov. 25, 2025) (collecting cases).  And there is nothing about the "COUNTERCLAIM WAIVER" cited by Plaintiffs that renders the parties' agreement here unconscionable.  On its own terms, the waiver would not seem to bar Plaintiffs from pursuing their claims in arbitration, as they "commenced" this case here, and the claims at issue are not counterclaims.  Alternatively, Plaintiffs could, as Timeless Funding notes, "commenc[e]" a separate arbitration with their claims and then "request[] that the arbitrations be consolidated for hearing."  ECF No. 24, at 1.  In any event, Timeless Funding explicitly "waives the counterclaim waiver in the arbitration so that Plaintiffs can assert their claims in this action as counterclaims if they so choose."  *Id.*; *see, e.g.*, *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 124 (2d Cir. 2010) ("New York courts have accepted offers by parties to waive the enforcement of certain provisions of arbitration agreements, and have evaluated those agreements as modified by the parties' after-the-fact waivers.  Because unconscionability is an equitable defense to the enforcement of harsh or unreasonable contract terms, a party cannot complain when the defendant through its waivers declines to enforce any potentially unconscionable term." (citations omitted)).

Accordingly, Timeless Funding's motion to compel arbitration is GRANTED.[1] Additionally, because Timeless Funding requests a stay, the claims against it — but it alone — must be and are stayed pending resolution of the arbitration.  *See* 9 U.S.C. § 3 ("[T]he court . . . , upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . , shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."); *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("We join those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested.").

The Clerk of Court is directed to terminate ECF No. 13.

SO ORDERED.

Dated: April 21, 2026
  New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1]   Notwithstanding this conclusion, the Court feels compelled to express its unease with respect to Timeless Funding's briefing in this case.  First, although the Court ordered that any reply be filed by April 17, 2026, *see* ECF No. 22, Timeless Funding did not file its reply until April 20, 2026.  Second, the quality of Timeless Funding's briefing leaves something to be desired.  For example, its opening brief is only two-and-a-half pages long, does not contain its own statement of facts, and does not even quote the language of the parties' arbitration agreement.  Its reply is even worse: It is a single paragraph and does not cite a single case.  In the event of further litigation before this Court, Timeless Funding better do better.